UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| THE BROOKLAND INN, LLC, | ) | Case No. 14-00522 |
| | ) | Chapter 11 |
| Debtor. | ) | Hearing Date: September 25, 2014 |
| | ) | Hearing Time: 11:30 a.m. |

**EXPEDITED MOTION TO DISMISS CASE WITH PREJUDICE
PURSUANT TO § 1112(b)(4)(C) DUE TO THE DEBTOR'S FAILURE
TO MAINTAIN APPROPRIATE INSURANCE THAT POSES A RISK TO THE
ESTATE OR TO THE PUBLIC AND NOTICE OF DEADLINE
TO OBJECT AND NOTICE OF HEARING THEREON**

Gerald Waldman, Trustee for the Gerald Waldman Revocable Trust ("Waldman"), secured creditor and party in interest herein, requests that this Court dismiss this case with prejudice for 180 days pursuant to 11 U.S.C. § 1112(b)(4)(C) because the Debtor, The Brookland Inn, LLC, does not have insurance on the real property located at 3740 12th St., NE Washington, D.C. 20002 (the "Property"), and in support of this Motion respectfully states as follows:

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105 and 1121 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**Background**

4. The Brookland Inn, LLC ("Debtor") filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code early in the morning of September 9, 2014 (the "Petition Date").

5. The Debtor filed its case as a single asset real estate case, and its primary asset is the Property, which upon information and belief was previously operated as a bed and breakfast and is currently leasing a portion of its space to another LLC that operates a restaurant at the Property.

6. Waldman is a secured creditor of the Debtor by virtue of an Amended and Restated Promissory Note Dated November 20, 2013 in the principal sum of $950,000.00 ("Note") secured by a Deed of Trust dated December 27, 2007, and recorded January 4, 2008, in the Land Records of the District of Columbia as Instrument No. 2008001337, and as modified by the Modification of Deed of Trust and Joinder Agreement and the Loan Ratification and Modification Agreement ("First Deed of Trust") with a balance in excess of $1.2 million. Waldman also has a lien on the Property by virtue of a Credit Line Deed of Trust dated December 18, 2013, and recorded December 30, 2013, in the Land Records of the District of Columbia as Instrument No. 2013142483 that currently has a balance in excess of $102,000.00 ("Second Deed of Trust").

7. The Debtor is and has been in Default under both the First Deed of Trust and the Second Deed of Trust, which resulted in Waldman noticing a foreclosure sale of the Property for September 9, 2014 at 11:00 a.m. This case was filed approximately 10 hours before the scheduled foreclosure sale.

8.  After the case was filed, Waldman, through counsel, requested proof of insurance on the Property, and was informed earlier today that the insurance has lapsed.

### Relief Requested

9.  Waldman requests that this case be dismissed with prejudice for 180 days.

### Basis for Relief

10. Bankruptcy Code § 1112 governs conversion or dismissal of a chapter 11 case. Pursuant to § 1112(b)(1): "[O]n request of a party in interest, and after notice and a hearing, a court shall convert … or … dismiss a case under this chapter … whichever is in the best interest of creditors and the estate, for cause…" Subsection (b)(4) defines "cause" in a non-exclusive list that includes, "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).

11. While courts have discretion in deciding whether to dismiss or convert, § 1112(b)(1) uses the term "shall," meaning that once "cause" has been established, the Court must dismiss or convert the case.

12. In the present case, the Court does not need to reach the question of whether the Debtor has appropriate insurance, because the Debtor does not have *any* insurance on the Property. This constitutes constitutes "cause" for dismissal of the case.

13. Waldman's collateral is at risk of being destroyed by fire or natural disaster without the benefit of causality insurance, and restaurant is being operated on the Property without liability insurance. This poses a risk to both the estate and to the public.

14. Dismissal rather than conversion is appropriate in this case because this case is essentially a two party dispute: the Debtor and Waldman. The case was filed to stop Waldman's foreclosure sale of the Property. The unsecured debts in this case are less than $20,000.00, consisting primarily of utilities and ironically, an insurance company. There is de minimus

unsecured debtor to reorganize in a chapter 11 case, and there is de minimus debt to be paid by a chapter 7 Trustee.  A chapter 7 trustee would not have funds available to obtain insurance on the Property.  Conversion would only delay the inevitable and add an additional layer of administrative expense that could be avoided by dismissal.

15. In addition, the District of Columbia is owed sale taxes in excess of $200,000.00 but that amount is a lien on the Property that will be paid ahead of Waldman's liens at a foreclosure sale of the Property.  Thus the District of Columbia would also benefit from a dismissal with prejudice.

### NOTICE OF MOTION AND OF OPPORTUNITY TO OBJECT AND OF HEARING

Waldman, a secured creditor and party in interest, has filed an Expedited Motion to Dismiss Case With Prejudice Pursuant to § 1112(b)(4)(C) Due to the Debtor's Failure to Maintain Appropriate Insurance that Poses a Risk to the Estate or to the Public ("Expedited Motion").  In connection with the Expedited Motion you should know the following:

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)  If you do not want the Court to approve the motion, or if you want the Court to consider your views on the matter, then:

on or before **September 23, 2014**, you or your attorney must file with the Court a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1.  The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001.  You may append affidavits and documents in support of your objection. **Contemporaneously with the filing of the Expedited Motion Waldman is filing a motion seeking to have the Expedited Motion heard on an expedited basis and to shorten the notice period, if that motion is not granted you would then have 21 days from the date of this Expedited Motion to file and serve an objection.**

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Katherine M. Sutcliffe Becker
Stinson Leonard Street LLP
1775 Pennsylvania Ave, NW, Suite 800

4

Washington, D.C. 20006

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order approving the motion. The Court may approve the motion without a hearing if the objection filed states inadequate grounds for denial of the relief sought in the motion. Parties in interest with questions may contact the undersigned.

Please take notice that a hearing will be held on **September 25, 2014**, at **11:30 a.m.** on the Expedited Motion to Dismiss Case With Prejudice Pursuant to § 1112(b)(4)(C) Due to the Debtor's Failure to Maintain Appropriate Insurance that Poses a Risk to the Estate or to the Public in the Bankruptcy Courts courtroom in the U.S. Courthouse, 3rd and Constitution Avenues, NW, Washington, DC 20001. Parties in interest with questions may contact the undersigned.

WHEREFORE, Waldman requests that this Court enter an Order dismissing this case this case with prejudice for 180 days and granting such other relief as this Court deems just and equitable.

Dated: September 18, 2014         Respectfully submitted:

/s/ Katherine M. Sutcliffe Becker
Marc E. Albert, No. 345181
Steven K. White, No. 367371
Katherine M. Sutcliffe Becker, No. 481398
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel: 202-785-9100
Fax: 202-785-9163
E-mail: marc.albert@stinsonleonard.com
E-mail: steven.white@stinsonleonard.com
E-mail: katherine.becker@stinsonleonard.com

*Attorneys for Gerald Waldman, Trustee for the Gerald Waldman Revocable Trust*

# CERTIFICATE OF SERVICE

      I certify that on this 18th day of September, 2014, I caused a true and correct copy of the foregoing Expedited Motion to be served via the Court's ECF system upon the attorneys for the Debtor, the U.S. Trustee, and all counsel who have entered an appearance in this case and by first class mail, postage prepaid upon the following and upon those on the attached matrix:

William C. Johnson, Jr., Esq.
Law Offices of William C. Johnson, Jr.
1101 15th St. NW
Suite 910
Washington, DC 20005

Bradley D. Jones, Esq.
U.S. Trustee's Office
115 South Union St.
Suite 210 Plaza Level
Alexandria, VA 22314

                                              /s/ Katherine M. Sutcliffe Becker
                                              Katherine M. Sutcliffe Becker